**David P. Rossmiller, Montana Bar No. 11765**
Email: drossmiller@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
1050 SW 6th Avenue, Ste. 1100
Portland, OR 97204
Telephone: 503-886-8108
Facsimile: 503-961-7864

*Attorneys for American Hallmark*
*Insurance Company of Texas*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>RKL ENTERPRISES, INC. f/k/a RKL ENTERPRISES, LLC d/b/a PREMIER POOLS AND SPAS OF MONTANA, a Montana Corporation,<br><br>    Defendant. | CASE NO.<br><br>COMPLAINT<br>(Declaratory Judgment) |

Plaintiff American Hallmark Insurance Company of Texas ("Hallmark")

brings this complaint for declaratory judgment against defendant RKL Enterprises,

Inc. f/k/a RKL Enterprises, LLC d/b/a Premier Pools and Spas of Montana ("RKL")

under 28 U.S.C. § 2201, the federal declaratory judgment act, alleging as follows:

Page 1 – COMPLAINT (Declaratory Judgment)

## PARTIES

1.      Plaintiff Hallmark is a Texas corporation with its principal place of business located in Dallas, Texas. Therefore, Hallmark is a citizen of Texas. At all relevant times, Hallmark has been licensed and registered to write certain lines of insurance in Montana.

2.      Upon information and belief, RKL is a Montana corporation with its principal place of business located in Montana. Therefore, upon information and belief, RKL is a citizen of Montana.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statue.

4.      The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs because Hallmark is providing a defense to RKL in the Underlying Lawsuit (defined below) and defense fees and costs, upon information and belief, will exceed the sum of $75,000; because the amounts sought by the plaintiffs in the Underlying Lawsuit exceed $75,000 and because the policy limit of the Hallmark Policy issued to RKL exceed $75,000.

5.      Venue is proper in this court under 28 U.S.C. § 1391(b) because the defendant is domiciled in this District, because a substantial part of the events giving

rise to the claim occurred in this District and/or because the insurance was issued to

the insured in this District.

## THE RELEVANT INSURANCE POLICY

6.      RKL Enterprises, LLC d/b/a Premier Pools and Spas of Montana is the

named insured on Hallmark Policy number 44-CL-009006097 with effective dates

from March 1, 2021 to March 1, 2022 (the "Policy"). The Policy has a Commercial

General Liability Coverage (Each Occurrence) limit of $1,000,000. A certified copy

of the Policy is attached to this Complaint as Exhibit 1. The Policy is incorporated

in this Complaint as if referenced in full herein.

## COMMON ALLEGATIONS

7.      On or about January 26, 2022, Scott and Jennifer Ellner filed a

Complaint against RKL in the Montana Thirteenth Judicial District Court,

Yellowstone County, which is titled *Scott and Jennifer Ellner v. RKL Enterprises,*

*LLC d/b/a Premier Pools and Spas of Montana, and Does I-X,* and is Cause No. DV-

56-2022-0000061-NE (the "Underlying Lawsuit"). A copy of the Complaint in the

Underlying Lawsuit is attached to this Complaint as Exhibit 2.

8.      RKL tendered the Underlying Lawsuit to Hallmark and Hallmark

currently is defending RKL under a full reservation of rights.

/ / /

/ / /

Page 3 – COMPLAINT (Declaratory Judgment)

9.     RKL also tendered the Underlying Lawsuit to the insurer of their concrete subcontractor on the Ellners' project. That insurer is defending RKL as an additional insured.

10.     The Complaint in the Underlying Lawsuit alleges that the Ellners own a home located at 5875 Whispering Woods Drive, Billings, Montana.

11.     The Complaint in the Underlying Lawsuit alleges that the Ellners hired RKL "to perform or furnish the supervision, construction, or remodeling for the installation of a backyard swimming pool complex" at the Ellners' home.

12.     The Complaint in the Underlying Lawsuit alleges that RKL "partially completed some of their work but with defects that violated the applicable building codes and specifications."

13.     The Complaint in the Underlying Lawsuit alleges that as a result of RKL's "actions, breaches of duty and construction defects, Plaintiffs suffered physical damage to their home and harm to their person" and it is alleged that the Ellners "suffered and continue to suffer physical harm, emotional distress, mental anguish and other harm."

14.     The Complaint in the Underlying Lawsuit brings claims of Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Negligence, Constructive Fraud, Negligent Misrepresentation, Deceit and Punitive Damages.

15.     Upon information and belief, RKL entered into the contract with the Ellners on or about August 23, 2020; that demolition of the existing pool and excavation for the new pool began in early October 2020; and RKL's last day on the project was September 19, 2021.

16.     Upon information and belief, much of the alleged damage in the Underlying Lawsuit occurred, if at all, during RKL's ongoing operations.

17.     Upon information and belief, the Ellners allege that each portion of the project was defectively performed.

18.     Upon information and belief, there is no resulting "property damage" from RKL's alleged defective work.

19.     Upon information and belief, RKL was aware of the defective concrete work while the project was ongoing.

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT – DUTY TO DEFEND)

20.     Hallmark realleges and incorporates by reference all previous paragraphs.

21.     An actual and justiciable controversy exists between Hallmark and RKL related to whether Hallmark has a duty to defend RKL in the Underlying Lawsuit under the Policy. Namely, Hallmark does not believe it owes a duty to defend RKL under the Policy, but RKL apparently believes that RKL is owed a defense from Hallmark.

22.     Hallmark has no duty to defend RKL under the Policy because, among other reasons:

a.     The Underlying Lawsuit does not allege "bodily injury," "property damage" or "personal and advertising injury," as defined in the Policy;

b.     The Underlying Lawsuit and facts known do not allege an "occurrence," as defined in the Policy;

c.     At least Exclusions 2.a., 2.b., 2.j.(5) and (6), 2.k., 2.l., and 2.m. together preclude coverage; and

d.     Intentional wrongdoing is not insurable pursuant to Montana public policy.

23.     Hallmark reserves the right to rely on any provision of the Policy regarding the duty to defend.

24.     Pursuant to 28 U.S.C. § 2201, Hallmark is entitled to a declaration by this Court of its rights and duties related to the defense of RKL under the Policy.

25.     To the extent permitted by the Policy and Montana law, Hallmark is entitled to recoup the defense costs expended in the Underlying Lawsuit.

## SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

26.     Hallmark realleges and incorporates by reference all previous paragraphs.

27.     An actual controversy exists between Hallmark and RKL relating to whether Hallmark has a duty to indemnify RKL against the Underlying Lawsuit pursuant to the Policy. Namely, Hallmark does not believe it owes a duty to indemnify RKL under the Policy, but RKL apparently believes that RKL is owed indemnity from Hallmark to the extent RKL may be assessed liability in the Underlying Lawsuit.

28.     Hallmark can have no duty to indemnify RKL for any liability alleged in the Underlying Lawsuit pursuant to the Policy because, among other reasons:

    a.     The Underlying Lawsuit does not seek damages for "bodily injury," "property damage" or "personal and advertising injury," as defined in the Policy;

    b.     The Underlying Lawsuit and facts known do not allege an "occurrence," as defined in the Policy;

    c.     At least Exclusions 2.a., 2.b., 2.j.(5) and (6), 2.k., 2.l., and 2.m. together preclude coverage;

    d.     Intentional wrongdoing is not insurable pursuant to Montana public policy; and

    e.     The Policy is Excess over RKL's additional insured coverage and cannot apply until the primary insurance is exhausted.

29.     RKL cannot have any rights to indemnity payments under the Policy because Hallmark does not have a duty to indemnify RKL for damages assessed against RKL in the Underlying Lawsuit, if any, for the reasons stated above.

30.     Hallmark reserves the right to rely on any provision of the Policy regarding the duty to indemnify.

31.     Pursuant to 28 U.S.C. § 2201, Hallmark is entitled to a declaration by this Court of its rights and duties related to the potential indemnity of RKL under the Policy.

WHEREFORE, Hallmark prays for judgment as follows:

1. A declaration that Hallmark does not owe RKL a defense against the Underlying Lawsuit pursuant to the Policy;

2. A declaration that Hallmark does not owe RKL for any potential indemnity against the damages sought in the Underlying Lawsuit pursuant to the Policy;

3. A declaration that RKL must repay the defense fees paid on RKL's behalf as defense fees in the Underlying Lawsuit;

4. A declaration that RKL is bound by the Court's determination in this lawsuit; and

5. For such other relief that the Court deems just and proper.

DATED this 21st day of April, 2023.

THE CHARTWELL LAW OFFICES, LLP

By  /s/ David P. Rossmiller
**David P. Rossmiller, Bar No. 11765**
Email: drossmiller@chartwelllaw.com
1050 SW 6th Avenue, Ste. 1100
Portland, OR 97204
Telephone: 503-886-8108
Facsimile: 503-961-7864

*Attorneys for American Hallmark*
*Insurance Company of Texas*

Page 9 – COMPLAINT (Declaratory Judgment)